IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-175-BO

| | |
|---|---|
| ARCHER HEALTHCARE, INC. f/k/a<br>AOS RESEARCH, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>JILL L. CUTHBERT-DUTCHER and<br>QUESTRA MED COMMUNICATIONS,<br>INC.,<br><br>      Defendants. | O R D E R |

This cause comes before the Court on defendants' motion to dismiss or alternatively to transfer venue to the United States District Court for the District of Colorado. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, the motion to transfer is granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint on August 29, 2017, alleging a single claim against defendants for violation of the Computer Fraud and Abuse Act arising out of defendants' access of plaintiff's protected computers with the intent to defraud plaintiff. Plaintiff alleges that defendant Cuthbert-Dutcher used plaintiff's employee John Katter's email account to gain access to plaintiff Archer's customer relationship management database using Katter's name and password credentials. Prior to the acts giving rise to the complaint, plaintiff Archer and defendant Questra Med had been engaged in a joint venture to provide telephone and other patient support services to patients taking the drug Xifaxan. Katter was at that time employed by Questra

Med; Katter later became employed by Archer. At some point after becoming employed by Archer, Katter returned a laptop that he had used while employed at Questra Med to defendants which had stored on it Katter's Archer email and password. At the time of the filing of the complaint in this Court, defendant Questra Med had instituted an action against Katter and plaintiff in Arapahoe County, Colorado district court. Plaintiff alleges that "[o]ne or more of the factual allegations in the Colorado Lawsuit contained information that likely could only have been obtained from a review of Katter's Archer e-mail communications." Compl. ¶ 19.

## DISCUSSION

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that is filed in an improper venue. The complaint in this action alleges simply that "[v]enue is proper." Compl. ¶ 7. Under 28 U.S.C. § 1391, venue is proper in

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The complaint reveals that defendant Cuthbert-Dutcher does not reside in this juridical district, and thus venue is not proper here under § 1391(b)(1). *See* Compl. ¶ 3. The complaint alleges that the fraudulent and improper access to its materials occurred when Cuthbert-Dutcher used Katter's laptop; Cuthbert-Dutcher is a resident of Colorado, defendant Questra Med is headquartered in Colorado, and there is no allegation that any offending access occurred from anywhere outside Colorado. However, plaintiff argues in response to the motion to dismiss that a substantial part of the property that is the subject of the action, namely its database, is maintained in Wilmington, North Carolina, thus giving rise to venue in this district under § 1391(b)(2). As

2

other courts have held that the location of a server or database is sufficient to constitute the situs of the injury or the property subject to the action, *see, e.g., Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 623 (E.D. Va. 2002), the Court concludes that venue is proper in this district.

However, the Court further concludes that transfer to Colorado is appropriate under 28 U.S.C. § 1404(a). A court may transfer venue in a civil action, to any district or division in which the action might have been brought, for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). A transferor court may consider numerous factors, including the plaintiff's choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp. 2d 357, 362 (W.D.N.C. 2003). As a court considers such factors, it is mindful that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the "art of judging." *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F.Supp. 446, 451 (W.D.N.C. 1989) (citation omitted).

This circuit has also recognized the "first-filed" rule, *see Learning Network, Inc. v. Discovery Comm., Inc.*, 11 F. App' x 297, 300 (4th Cir. 2001); *Nutrition & Fitness*, 264 F.Supp. 2d at 360, which provides a presumption of priority in parallel litigation in the venue where jurisdiction is first established. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *see also VRCompliance LLC v. HomeAway, Inc.*, 715 F.3d 570, 574 (4th Cir. 2013) (where parallel suits pending in state and federal court, first filed should generally have priority).

The Colorado action, which involves the same parties and business relationship and similar issues, was the first-filed. The factors generally considered – the chronology of the filings and the similarity of the parties and the issues – favor venue in Colorado. *See US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *2 (W.D.N.C. Aug. 17, 2011) (discussing factors). The Court in its discretion concludes that the courts of Colorado are the better venue to consider the claims between these parties. Transfer to the United States District Court for the District of Colorado is therefore appropriate.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or transfer [DE 9] is GRANTED IN PART and DENIED IN PART. The Court in its discretion TRANSFERS this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Colorado. The motion to stay discovery [DE 15] is DENIED as MOOT without prejudice to re-filing after transfer.

SO ORDERED, this 12 day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE